UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WATSON METALS, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-23-1162-G |
| | ) |
| UNITED STATES OF AMERICA | ) |
| *ex rel.* COMMISSIONER OF | ) |
| INTERNAL REVENUE SERVICES, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Plaintiff Watson Metals, LLC asserts claims against Defendant United States of America *ex rel.* Commissioner of Internal Revenue Services ("the United States"). The United States has filed a Motion to Dismiss (Doc. No. 13), to which Plaintiff has responded (Doc. No. 17).

### I.  Background

Plaintiff is a limited liability company owned by Michael Watson, organized under the laws of Tennessee, and located in Manchester, Tennessee. Compl. ¶¶ 2, 6 (Doc. No. 1). As set forth in its pleading, Plaintiff brings suit pursuant to 28 U.S.C. § 1346(a)(1) for the recovery of federal income tax and related interest that was allegedly erroneously assessed against and collected from Plaintiff for the 2018 tax year. *See id.* ¶ 1.

Plaintiff specifically alleges that in September 2023, it received a notice of deficiency and tax due regarding Plaintiff's 2018 tax-year return. *See id.* ¶ 5. On November 1, 2023, Plaintiff paid the tax due, as well as interest, for a total of $112,714.00. *Id.* ¶ 6. On December 4, 2023, Plaintiff filed a Form 843 claim with the Internal Revenue

Service ("IRS") for a full refund of this amount. *Id.* ¶¶ 5, 17 (characterizing the $112,714.00 as "federal income tax resulting from an ordinary and necessary business expense that Plaintiff had deducted but was disallowed" and as an "overpayment . . . that was erroneously assessed and collected by Defendant"). On December 18, 2023, Plaintiff commenced this lawsuit.

## II.     *Standard of Decision*

The United States argues that Plaintiff's action should be dismissed pursuant to various Federal Rules of Civil Procedure, including pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction.

A motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). Here, the United States raises a factual attack, "go[ing] beyond allegations contained in the complaint and challeng[ing] the facts upon which subject matter jurisdiction depends." *Id.* (internal quotation marks omitted). *See* Def.'s Mot. at 12-13. Thus, the Court does not presume the truthfulness of the Complaint's factual allegations and may consider the documents submitted by the parties "to resolve disputed jurisdictional facts." *Pueblo of Jemez*, 790 F.3d at 1148 n.4 (internal quotation marks omitted); *see* Def.'s Ex. 1, Darnold Decl. (Doc. No. 14); Def.'s Ex. 2, Giannini Decl. (Doc. No. 15); Pl.'s Resp. Exs. 1, 2, 3, 4 (Doc. Nos. 17-1 to 17-4). As the party asserting federal jurisdiction, Plaintiff bears "the burden of alleging the facts essential to show jurisdiction." *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002) (internal quotation marks omitted).

   III.   *Discussion*

Pursuant to 28 U.S.C. § 1346(a)(1), the federal district courts have jurisdiction over:

> Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

28 U.S.C. § 1346(a)(1). The courts' jurisdiction over such civil suits—and § 1346(a)(1)'s corresponding waiver of the United States' sovereign immunity—"must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601 (1990); *see also United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008) ("The Internal Revenue Code specifies that before [bringing an action against the United States], the taxpayer must comply with the tax refund scheme established in the Code.").

The United States argues that Plaintiff has failed to comply with these statutory conditions and therefore has "failed to meet the jurisdictional prerequisites for filing a tax refund suit," requiring dismissal under Rule 12(b)(1). Def.'s Mot. at 1. In support, the United States cites 26 U.S.C. §§ 7422(a) and 6532(a)(1). *See id.* at 14-17.

The first of these provisions requires that, prior to bringing suit for the recovery of taxes, the taxpayer must have filed "a claim for refund" with the IRS. 26 U.S.C. § 7422(a); *see Angle v. United States*, 996 F.2d 252, 253 (10th Cir. 1993) ("Filing a timely tax refund claim with the IRS is a jurisdictional prerequisite to maintaining a tax refund suit.").

The second provision cited by the United States directs in relevant part:

3

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time . . . .

26 U.S.C. § 6532(a)(1); *see Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006) (characterizing the requirements that "a plaintiff must have filed a valid refund claim with the IRS, and the IRS must have denied the claim or six months must have passed since the claim was filed with no IRS response," as a "jurisdictional prerequisite[]" to a taxpayer suit under 28 U.S.C. § 1346(a)(1)); *accord LNV Corp. v. Hook*, No. 14-cv-00955, 2015 WL 7962971, at *5 (D. Colo. Dec. 3, 2015). This six-month period "allow[s] the IRS an opportunity to review a claim and take action thereon." *Hope Hospice, Inc. v. United States*, No. 22-cv-01365, 2023 WL 8357960, at *5 (N.D. Ala. Dec. 1, 2023); *accord Crocker v. United States*, 563 F. Supp. 496, 500 n.3 (S.D.N.Y. 1983).

There is no dispute that Plaintiff filed a refund claim with the IRS on or about December 4, 2023. *See* Compl. ¶ 5; *see also* Darnold Decl. Ex. 3, Pl.'s Form 843 (Doc. No. 14-3) at 1 (Plaintiff's refund claim stamped as received by the IRS on December 8, 2023). There is also no dispute that, rather than waiting the six months required by § 6532(a)(1), Plaintiff commenced this lawsuit approximately two weeks later, on December 18, 2023. *See* Compl. at 1.

Plaintiff responds that, despite this deficiency, dismissal is not warranted under Rule 12(b)(1). Plaintiff argues that the Court should retain this case because (1) when Plaintiff filed its Form 843 claim with the IRS, Plaintiff "also waived the issuance of a notice of

disallowance as to the IRS's disallowance of Plaintiff's refund claim";[1] and (2) the IRS has not ruled on Plaintiff's refund request during the pendency of this lawsuit. Compl. ¶ 5; *see* Pl.'s Resp. at 11-13 (citing Darnold Decl. ¶ 9).

Contrary to Plaintiff's position, however, the governing authorities do not establish that an exception to § 6532(a)(1) lies when the taxpayer purports to waive its right to a notice of disallowance. *See, e.g.*, 26 C.F.R. § 301.6532-1(c) ("The filing of such a waiver [of the requirement that the taxpayer be mailed a notice of disallowance] prior to the expiration of 6 months from the date the claim was filed does not permit the filing of a suit for refund prior to the time specified in section 6532(a)(1) and [26 C.F.R. § 301.6532-1(a)]."); *Harris v. United States*, No. 99-954, 1999 WL 1001574, at *1 (D. Md. July 28, 1999) (rejecting the plaintiffs' argument "that they should not be required to wait six months because they filed a waiver of notification of the disallowance" as "contrary to the law" and dismissing action for lack of subject-matter jurisdiction).

Nor do the relevant authorities support the proposition that the Court may properly retain jurisdiction simply because at least six months have passed since the filing of the lawsuit. As a threshold matter, there is uncertainty as to whether the IRS properly may rule on Plaintiff's refund claim post commencement of this federal lawsuit:

> When a taxpayer takes its claim for refund from the IRS to a district court, the claim is no longer before the IRS, and the IRS loses authority to allow, disallow, or otherwise resolve the claim. That authority transfers to the Department of Justice. Allowing the six-month waiting period to run and

---

[1] In other words, Plaintiff submitted to the IRS "a written waiver of the requirement that [Plaintiff] be mailed a notice of disallowance" if the IRS disallows Plaintiff's Form 843 refund request. 26 U.S.C. § 6532(a)(3); *see* Pl.'s Form 843, at 2.

5

elapse during the pendency of a tax refund suit would thwart the purpose of the waiting period and render it a "dead letter."

*Hope Hospice*, 2023 WL 8357960, at *5 (citation omitted).

Further, it is well established that "the existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Mires*, 466 F.3d at 1212 (alteration and internal quotation marks omitted); *see Gaynor v. United States*, 150 Fed. Cl. 519, 538 (2020) ("[T]he Court does not have jurisdiction over Mr. Gaynor's claims because the requisite waiting period had not yet elapsed when he filed his initial Complaint . . . . Furthermore, the fact that during the pendency of this litigation the waiting period elapsed is immaterial.").[2]  For the Court to conclude otherwise "would render the statutory waiting period a dead letter." *Gaynor*, 150 Fed. Cl. at 538.

For all these reasons, this action must be dismissed for lack of subject-matter jurisdiction.  *See id.*; *Mires*, 466 F.3d at 1212; *Dalm*, 494 U.S. at 609-10.  The Court need not address the United States' alternative arguments for dismissal.

## CONCLUSION

In accordance with the foregoing, Defendant's Motion to Dismiss (Doc. No. 13) is GRANTED.  This matter is dismissed without prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

A separate judgment shall be entered.

---

[2] Although in *Mires*, the Tenth Circuit found that an exception lay where the taxpayer cured the jurisdictional deficiencies by, among other actions, amending his complaint with the government's consent and the district court's permission, no such amendment has been sought or permitted in this action.  *See Mires*, 466 F.3d at 1212.

IT IS SO ORDERED this 26th day of March, 2025.

                                                  */s/ Charles B. Goodwin*
                                                  CHARLES B. GOODWIN
                                                  United States District Judge